# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>    Plaintiff,<br><br>    v.<br><br>HICKS,<br><br>    Defendant. | Case No. 1:13-cv-01878-AWI-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**AMENDED PLEADING DUE IN THIRTY (30) DAYS** |

Plaintiff Brady K. Armstrong is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Before the Court for screening is Plaintiff's complaint. For the reasons set forth below, the Court finds the complaint fails to state a cognizable claim and ORDERS it DISMISSED with leave to amend.

I. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

## III.   PLAINTIFF'S ALLEGATIONS

Plaintiff complains that in 2007, while incarcerated at Kern Valley State Prison ("KVSP"), he was subjected to abusive language, threat of violence, excessive force,

and a false rules violation report in retaliation for his engaging in protected activity. Such actions violated his rights under the First, Eighth and Fourteenth Amendment to the U.S. Constitution as well as state prison regulations.

The sole named Defendant is KVSP correctional officer Hicks.

More specifically, Plaintiff alleges that:

In March 2007, Plaintiff was assigned to work in the KVSP dining hall/kitchen. Hicks refused to call Plaintiff to work. On April 29, 2007, Plaintiff filed a Form 602 grievance against Hicks.

On June 8, 2007, Hicks retaliated, labeling Plaintiff a snitch and telling other inmates they could do whatever they wanted to him. Plaintiff dismissed the April 29th grievance out of fear for his safety.

On June 9, 2007, Plaintiff filed a 602 against Hicks. Hicks retaliated by using abusive language prohibited under Title 15; grabbing Plaintiff's wheelchair handle and violently shaking Plaintiff causing him severe pain; and by filing a false rules violation report (Form 115) which resulted in Plaintiff being placed in administrative segregation. The rules violation report was dismissed on August 25, 2007.

On September 24, 2007, Plaintiff filed a 602 against Hick. Prison officials did not respond to the September 24th grievance.

Plaintiff seeks (1) monetary damages, and (2) unspecified injunctive relief.

**IV.    THE COMPLAINT FAILS TO STATE A CLAIM**

    **A.    Statute of Limitations**

According to the complaint, Defendant Hick's allegedly wrongful actions occurred prior to September 24, 2007. This complaint was not filed until September 9, 2013.

Federal law determines when a claim accrues, and under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008), quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). In the absence of a specific statute of limitations, federal courts should apply the forum state's

3

statute of limitations for personal injury actions. Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004). The same is true with regard to § 1983 claims alleging violation of the U.S. Constitution. Alameda Books, Inc. v. City of Los Angeles, 631 F.3d 1031, 1041 (9th Cir. 2011) ("The statute of limitations applicable to an action pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state in which the cause of action arose."). California's statute of limitations for personal injury actions requires that the claim be filed within 2 years. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927. Pursuant to the California Code of Civil Procedure § 352.1, a two-year limit on tolling exists with regard to prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Thus, incarcerated plaintiffs have four years from the date that the cause of action accrued in which to file suit, if the cause of action accrued while said plaintiff was incarcerated. Defendant Hick's alleged wrongful acts occurred not later than September 24, 2007.

Given Plaintiff's allegations, this action is untimely and should be dismissed on that ground. California's equitable tolling doctrine, which focuses on excusable delay by a plaintiff, Lukovsky, 535 F.3d at 1051, may apply in proper circumstances, see Wallace v. Kato, 549 U.S. 384, 394 (2007), to the extent not inconsistent with federal law. Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002). However, Plaintiff has set forth no facts suggesting his delay was excusable. Leave to amend will be granted. If there is a basis to seek tolling of the statute of limitations, Plaintiff may so state in an amended pleading if he chooses to file one.

The Court will also analyze, below, the substantive allegations and deficiencies in Plaintiff's complaint.

4

### B. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's assertion that Hicks incited inmates, used force, and filed a false rules violation report can demonstrate retaliation if motivated by Plaintiff's 602 filings and not justified by a valid institutional purpose. However, Plaintiff does not allege factual detail sufficient to demonstrate that his 602 grievances were a "substantial or motivating factor behind the [Defendant's] conduct." Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009), quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). He also fails to address the issue of whether there was a valid institutional purpose in Defendant acting as alleged.

In any amended pleading, Plaintiff should provide further background facts, if any, to show Hicks took the complained of actions because of Plaintiff's 602 filings and without a valid penological purpose.

### C. Excessive Force

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 36 (2010); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was an "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at 9. However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and

5

unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries).

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley v. Albers, 475 U.S. 312, 321 (1976).

Plaintiff's assertion Hicks grabbed his wheelchair and shook it is not alone sufficient to claim excessive force. Plaintiff does not allege the circumstances leading up to the event, whether Defendant had or asserted a reason for the action, the extent and duration of force applied, Plaintiff's reaction to it, harm, if any suffered, as a result of it, and whether and the extent to which Defendant may have tempered his application of force.

Plaintiff will be given leave to amend and supply such information.

**D.    Due Process**

    1.    Fa1se Rules Report

The Ninth Circuit has not found that prisoners have an independent right, grounded in the Due Process Clause, to an accurate prison record. Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Housing in administrative segregation does not

alone implicate a liberty interest. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence).

Plaintiff's allegation of a false prison report does not alone support an independently actionable due process claim. Leave to amend such a claim is futile and denied on that basis.

### 2. Administrative Grievances

Plaintiff may wish to complain of processing and disposition of his administrative grievances. However, Plaintiff may not assert a constitutional violation based solely on such a claim.

Prison staff actions in responding to Plaintiff's prison grievances alone cannot give rise to any claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. 1982). A prisoner does not have a claim of entitlement to a grievance procedure. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Ramirez v. Galarza, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff may not state a due process claim arising solely from processing and denial of administrative grievances. Leave to amend such a claim is futile and denied on that basis.

**E.    Title 15**

Plaintiff complains Defendant violated Title 15 §§ 3391 and 3084.1. However, the existence of Title 15 regulations governing the conduct of prison officials does not necessarily entitle an inmate to sue civilly for their violation. The Court has found no authority to support a finding of an implied private right of action under Title 15, and Plaintiff has provided none. Several district court decisions hold that there is no such

right. See e.g., Vasquez v. Tate, 2012 WL 6738167, at *9 (E.D. Cal. December 28, 2012); Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012).

Accordingly, no § 1983 claim arises for such violations even if they occurred. See Chappell v. Perrez, 2011 WL 2296816, at *2 (E.D. Cal. June 8, 2011); Lamon v. Cate, 2011 WL 773046, at *9 (E.D. Cal. February 28, 2011).

Plaintiff may not include a due process claim solely for violation of prison regulations set out in Title 15 in any amended pleading. Leave to amend such a claim is futile and denied on that basis.

### F.     Injunctive Relief

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury).

Plaintiff's complaint does not demonstrate a need for and entitlement to injunctive relief. Plaintiff does indicate what it is he wants the Court to order. The complaint does not state any cognizable federal claim or relative hardship demonstrating immediate threat of harm. Plaintiff is no longer housed at KVSP. This appears to render moot any request for injunctive relief against Hicks. Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

If Plaintiff chooses to amend, he must allege facts showing a need for and entitled to injunctive relief under the above standard.

### V.     CONCLUSIONS AND ORDER

The complaint does not state a claim for relief under § 1983. The Court will grant

8

1  an opportunity to file an amended complaint consistent with the foregoing. Lopez v.
2  Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49
3  (9th Cir. 1987).
4      If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a
5  deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set
6  forth "sufficient factual matter . . . to state a claim that is plausible on its face." Id. at
7  1949, quoting Twombly, 550 U.S. at 555. Plaintiff must explain why he delayed in filing
8  this action until September 9, 2013. Plaintiff must also demonstrate that each named
9  Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297
10 F.3d 930, 934 (9th Cir. 2002).
11     Plaintiff should note that although he has been given the opportunity to amend, it
12 is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th
13 Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on
14 curing the deficiencies set forth above.
15     Finally, Plaintiff is advised that Local Rule 220 requires that an amended
16 complaint be complete in itself without reference to any prior pleading. As a general
17 rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
18 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d
19 896, 928 (9th Cir. 2012). Once an amended complaint is filed, the original complaint no
20 longer serves any function in the case. Therefore, in an amended complaint, as in an
21 original complaint, each claim and the involvement of each defendant must be
22 sufficiently alleged. The amended complaint should be clearly and boldly titled "First
23 Amended Complaint", refer to the appropriate case number, and be an original signed
24 under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.
25 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a
26 right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.
27     Based on the foregoing, it is HEREBY ORDERED that:
28     1.    The Clerk's Office shall send Plaintiff (1) a blank civil rights amended

complaint form and (2) a copy of his complaint filed September 9, 2013,

2. Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:  December 27, 2013          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE