# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HICKS,<br><br>　　　　Defendant. | Case No. 1:13-cv-01878-AWI-MJS (PC)<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 4)**<br><br>**THIRTY-DAY DEADLINE** |

　　　　Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On December 2, 2013, Plaintiff was ordered to pay the $400.00 filing fee, or in the alternative submit an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, by not later than January 21, 2014. The January 21st deadline has passed without Plaintiff responding.

　　　　Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's

1

1  failure to prosecute, failure to obey a court order, or failure to comply with local rules. See
2  Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
3  comply with a court order).
4        In determining whether to dismiss an action for lack of prosecution, failure to obey a
5  court order, or failure to comply with local rules, the Court must consider several factors: (1)
6  the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its
7  docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition
8  of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782
9  F.2d at 831; Malone, 833 F.2d at 130.
10       In the instant case, the public's interest in expeditiously resolving this litigation and
11 the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk
12 of prejudice to Defendant, also weighs in favor of dismissal, since a presumption of injury
13 arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v.
14 Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring
15 disposition of cases on their merits -- is greatly outweighed by the factors in favor of
16 dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage
17 in the proceedings there is little available which would constitute a satisfactory lesser
18 sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this
19 action and is likely unable to pay, making monetary sanctions of little use.
20       Plaintiff has not responded to the Court's order. (ECF No. 4.)
21       Accordingly, it is HEREBY ORDERED THAT:
22     1.    Within thirty (30) days of service of this order, Plaintiff shall show cause as to
23         why this action should not be dismissed without prejudice for failure to comply
24         with the Court's order (ECF No. 4) and failure to prosecute, or pay the
25         $400.00 filing fee, or submit the attached application to proceed in forma
26         pauperis completed and signed pursuant to 28 U.S.C. § 1915,
27     2.    Within sixty (60) days of the date of service of this order, Plaintiff shall submit
28         a certified copy of his/her prison trust statement for the six month period

1 immediately preceding the filing of the complaint, and

2. 3. If Plaintiff fails to comply with this order, the undersigned will recommend this action be dismissed without prejudice for failure to obey Court orders and failure to prosecute, with any and all pending motions terminated.

IT IS SO ORDERED.

Dated:     January 30, 2014                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE