1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

12
13
14
15
16
17

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>        Plaintiff,<br><br>  v.<br><br>HICKS,<br><br>        Defendant. | Case No. 1:13-cv-01878-AWI-MJS (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 21)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

18
19
20
21
22
23

     Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint was dismissed for failure to state a claim, but he was given leave to file a first amended complaint by not later than January 30, 2014 (ECF No. 8). That deadline was extended to May 12, 2014 at Plaintiff's request (ECF No. 21).

24
25

     The May 12, 2014 deadline has passed without Plaintiff either filing an amended pleading or seeking an extension of time to do so.

26
27
28

     Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent

1 power to control their dockets and "in the exercise of that power, they may impose

2 sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing*

3 *Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice,

4 based on a party's failure to prosecute, failure to obey a court order, or failure to comply

5 with local rules. See, e.g., *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal

6 for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.

7 1992) (dismissal for failure to comply with an order requiring amendment of a complaint);

8 *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with

9 local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S.*

10 *Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a

11 court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack

12 of prosecution and failure to comply with local rules).

13      In determining whether to dismiss an action for lack of prosecution, failure to obey a

14 court order, or failure to comply with local rules, the Court must consider several factors: (1)

15 the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its

16 docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition

17 of cases on their merits, and (5) the availability of less drastic alternatives. *Thompson*, 782

18 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at

19 1260-61; *Ghazali*, 46 F.3d at 53.

20      In the instant case, the public's interest in expeditiously resolving this litigation and

21 the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk

22 of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury

23 arises from the occurrence of unreasonable delay in prosecuting this action. *Anderson v.*

24 *Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring

25 disposition of cases on their merits -- is greatly outweighed by the factors in favor of

26 dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage

27 in the proceedings there is little available which would constitute a satisfactory lesser

28 sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this

1   action and is likely unable to pay, making monetary sanctions of little use.

2       Plaintiff has not responded to the Court's order.

3       Accordingly, it is HEREBY ORDERED THAT:

4       1.      Within fourteen (14) days of service of this Order, Plaintiff shall either show

5               cause as to why this action should not be dismissed with prejudice for failure

6               to comply with the Court's order (ECF No. 21) and failure to prosecute, or file

7               an amended complaint, and

8       2.      If Plaintiff fails to show cause or file an amended complaint, the undersigned

9               shall recommend this action be dismissed, with prejudice, subject to the

10              "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*,

11              658 F.3d 1090 (9th Cir. 2011).

12

13  IT IS SO ORDERED.

14      Dated:   __May 18, 2014__            /s/ *Michael J. Seng*

15                                          UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28